### N. H. WHITE & COMPANY *vs.* WILLIAM FITCH.

An intent to deceive is an essential element of fraud, except in case of warranty.

An estimate of the value of property held by a person seeking credit, unless such estimate is so grossly excessive as to bear legitimate inference of a fraudulent intent, or such intent appears by other testimony, is matter of opinion and, if honestly made, is not a ground for rescinding a contract of sale made with reference to such estimate.

REPLEVIN.

O. answered in writing certain questions relating to the kinds and amount of property held by him, and the value thereof, and also as to the nature and amount of his indebtedness. Thereupon W. sold him certain merchandise and afterwards, and while a part of this merchandise was in his possession, O. made a general assignment of his property for the benefit of his creditors. W. replevied from the assignee so much of the merchandise as O. had not sold, claiming that the answers were untrue and the supposed sale was void. Heard on defendant's petition for a new trial after verdict for the plaintiff.

*January* 15, 1897. PER CURIAM. The burden of establishing fraud, which is to be clearly proved, was on the plaintiffs. We fail to find in the evidence sufficient facts from which to draw a legitimate inference that the assignor had any fraudulent intent at the time of making the statements as to his pecuniary condition, claimed by the plaintiffs to be untrue, and relied on by them to rescind the sale. These statements are to be regarded merely as estimates of the value of his property, and were, so far as appears, honestly made, and specified the property to which the estimates applied. Except in the case of a warranty, an intent to deceive is an essential element of fraud ; and unless the estimate is so grossly excessive as to carry with it a legitimate inference of a fraudulent intent, or the intent appears by other testimony, the estimate is a matter of opinion, and, if honestly made, affords no ground for rescission. *Morse* v. *Shaw*, 124 Mass. 59 ; *Gregory* v. *Shoenel*, 55 Ind. 101 ; *Lyons* v. *Briggs*,

14 R. I. 222.   We are of the opinion, therefore, that a new trial should be granted.

As the case must go back to the Common Pleas Division for a new trial, we will further say that in our opinion the examination of the defendant with reference to his dealings with the assigned estate, which was excepted to, was pressed to an unwarrantable length, and was calculated to prejudice the jury.   It should have been confined to the value of the assigned estate in the hands of the defendant at the time of the trial, and to the amount realized by him from the portions sold.

New trial granted and case remitted to the Common Pleas Division.

*Simon S. Lapham,* for plaintiffs.

*Herbert B. Wood & William Fitch,* for defendant.