MARIAN COAKLEY, p. a. *vs.* MASON MFG. CO.

JULY 7, 1914.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Workmen's Compensation Act.   Time of Filing Acceptance of Provisions.*
The workmen's compensation act was passed, and received the executive approval April 29, 1912, to take effect October 1, 1912.
*Held,* that an acceptance of its provisions filed by an employer September 26, 1912, would be presumed to have been filed with the intention that it should take effect when the act went into effect, and was sufficient compliance with Section 5 of said act, in that regard.

JOHNSON, C. J., and SWEETLAND, J., concurring.

TRESPASS ON THE CASE for negligence.   Heard on exception of plaintiff and overruled.

VINCENT, J.   This is an action of trespass on the case for negligence brought by the plaintiff to recover damages for personal injuries alleged to have been received on May 19, 1913, while in the employ of the defendant.   The defendant filed its plea setting up its acceptance of the provisions of Chapter 831 of the Public Laws of 1912, known as the Workmen's Compensation Act.   To this plea the plaintiff filed a replication averring that the statement filed by the defendant in acceptance of the act was filed with the commissioner of industrial statistics September 26, 1912, while the act, by its provisions, did not take effect until October 1, 1912.   To this replication the defendant demurred.   The demurrer was sustained by the Superior Court and to that decision the plaintiff took an exception, bringing the case before this court.

The acceptance of the provisions of the workmen's compensation act is not obligatory upon either the employer or the employee.   If the employer desires to bring himself within the provisions of the act, he may do so by taking the steps therein prescribed and the employee may exempt himself from the operation of the act by giving a notice to the employer.

It is provided in and by Section 5 of the act that an employer may bring himself within its provisions by filing with the commissioner of industrial statistics a written statement to the effect that he accepts the provisions of the act, and by giving reasonable notice of such election to the workmen, by posting and keeping continuously posted copies of such statement in conspicuous places about the place where his workmen are employed.

The workmen's compensation act referred to was duly passed by the General Assembly and received the approval of the governor April 29, 1912, and became effective on October 1, 1912.

The plaintiff claims that the acceptance of the defendant, filed September 26, 1912, five days prior to the day when the act went into effect, was void and of no effect whatsoever.

It cannot well be disputed that every employer within the state was entitled to the protection of this law from the very moment it became effective. Taking into consideration the great number of employers within the state and the probability that a large part of them might desire to accept the provisions of the act, it cannot be presumed that the General Assembly intended that such acceptance should be deferred for any length of time after the beginning of the day when such act, by its terms, should become effective. In other words, we cannot reasonably assume that the General Assembly intended that employers should be deprived, even temporarily, of the benefit of the act or that they were unaware of the practical impossibility of filing a large number of acceptances at the same moment, which would be necessary if all were to obtain the benefit of the act without delay. Besides, the act contains no provision for access to the office of the commissioner of industrial statistics, or for the attendance of the commissioner, at the very inconvenient and unusual hour of midnight. We think that it may be more reasonably assumed that it was the purpose of the General Assembly, in making the act effective at a later date, to give employers an opportunity to become familiar with its provisions and to prepare and file their acceptances. If the General Assembly had the right to pass an act and make it effective at a later date, it would seem to reasonably follow that the acceptance, required by the act, might also be filed to take effect at the same time.

While the act was not in effect, in the strict sense of the word, it had a potential existence prior to October 1st. It had been passed by both houses of the General Assembly and had received the approval of the governor. Nothing further was required to bring it into effective existence except the lapse of time.

(1)    The acceptance in the present case was filed on September 26, 1912. It remained with the commissioner of industrial statistics without any effort on the part of the defendant to withdraw it and we think that it must be presumed to have

been filed by the defendant with the intention that it should take effect when the act went into effect on October 1, 1912. Such an intent is further evidenced by the undisputed fact that after the filing of the acceptance the defendant posted in its mill, the notices required by the act. To hold that this acceptance was ineffective and void would, we think, baffle the intent of the General Assembly and curtail the rights of employers.

The exception of the plaintiff is overruled and the case is remitted to the Superior Court for further proceedings.

SWEETLAND, J. (concurring). I am unable to agree with all the reasoning of the above opinion. It does not appear to me to set out a sound method of statutory construction, in so far as it holds that the act in question was in effect for any purpose before October 1st, 1912. Until that date the statute was a nullity; no rights could be acquired under it; no employer could be said with exactness to accept its provisions with legal effect, as the statute itself had no legal existence. The defendant corporation by its action of September 26th, 1912, did not bring itself within the provisions of the statute, as no statute then existed. The purpose of the defendant can be readily understood. It was to give notice that it had "elected to become subject to the provisions of the act," when the statute should go into operation. Such election, however, to be effective must be made under the act; and it could not be made under the act until the same had legal existence.

The opinion sustains the defendant's contention chiefly on the ground that the act "had a potential existence prior to October 1st" and that during the period of such "potential existence" the legislature must have intended that acceptances of the act might be filed by employers to avoid the inconvenience of filing on October 1st and the possibility that an employer might be deprived of the benefit of the law during some portion of the day of October 1st, because of the large number of employers who might desire to file accept-

ances upon that day. To say that an act has but a potential existence is to admit that it has no actual existence, that it is without existence; thus the reasoning derives no force from that phrase. The General Assembly by explicit provision made the act take effect on October 1st, 1912. If such had been its intention, it was within the legislative power, by use of proper language, to have made the act take effect at an earlier date for the purpose of filing written statements of acceptances. Such language, however, would have constituted a new and added provision; not one necessarily and plainly to be implied from the general provision making the act take effect on October 1st, 1912, or from any other provision contained in the act. For the court, in the absence of such express language, to read into the statute a provision of that nature would be to amend the statute under the guise of its construction. The court may be of the opinion that such an added provision would be desirable and tend to the convenience of employers; but the court cannot insert provisions into a law and say the legislature must have intended this because it seems convenient and desirable to us. The province of the court is to interpret the words of a statute or to construe the language of its provisions; it cannot add words or interpolate provisions.

The situation, however, does permit a view favorable to the contention of the respondent which does no violence to fundamental rules of statutory construction. After deliberation I am of the opinion that it should be adopted. The attempted filing of acceptance on September 26th, 1912, was meaningless as a legal act and was a nullity. There was no authority in the commissioner of industrial statistics to receive it at that time as an acceptance filed with him under the act. He did however retain it in his office, and in justice and reason it may be held that that officer retained said written statement as the agent of the defendant to be placed on file October 1st, 1912, for the purpose of accepting the provision of the act at that time; and when on October 1st it appeared on the files of said commissioner it must be regarded

in law as filed on that day and constituting an acceptance of the provisions of the act at a time when said act was in force and effect. I am of the opinion that upon this ground the plaintiff's exception should be overruled; and I concur in the result of the above opinion.

JOHNSON, C. J., concurs in opinion of SWEETLAND, J.

*Albert B. West*, for plaintiff.
*Boss & Barnefield*, for defendant.