Thomas A. O'Gorman, Jr. *vs.* Jamil Haber.

DECEMBER 6, 1929.

Present: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

Rathbun, J. This is an action of trespass on the case for deceit. The trial in the Superior Court resulted in a verdict for the plaintiff for $1,500. The case is before us on exceptions filed by each of the parties. The defendant's exceptions are: To a ruling refusing to direct a verdict for the defendant; to the admission of evidence; to instructions to the jury and to the refusal to instruct as requested. The plaintiff excepted to an instruction limiting the amount of damages to $1,500.

352

The defendant was president of the Interstate Chain Linen Stores, Inc. The declaration alleges that he, representing himself to have sole power and authority to act for the corporation, leased from the plaintiff in the name of said corporation, a certain store and stocked the same with goods; that the rent of said store became ·three months in arrears; that a check covering rent for one month was sent to the plaintiff and returned by his bank for want of funds; that defendant and his attorney made pretense of tendering the amount due as rent but refused to deliver the money when immediately informed that it would be accepted; that the property, both of the defendant and of said corporation, "was liable to attachment as security · upon said liability; and said defendant, for the purpose of lulling the plaintiff into security and to cause him to refrain from making said attachment, was making said assurances and promises of making said tender good on various dates, and on said October 5th and October 8th, 1928, while at the same time said defendant was engaged in secreting and removing the assets of his or the said Chain Linen Stores, Inc. from and out of the premises, 222 Westminster Street, and for the purpose of avoiding the attachment of said goods and chattels at the expense of the plaintiff.

"The said plaintiff confiding and giving credit to said assurances, assertions and promises, believing the same to be true and relying thereon, not knowing the contrary thereof, did forbear to attach said goods and chattels, whereas in truth and in fact the said defendant at the time of said assurances and promises did not intend to make said tender good or pay said sum of money, and advanced said assurances and promises for the purpose of lulling the plaintiff into security, and said representations and assurances were intentionally false and fraudulently made with the intention to deceive the plaintiff and the plaintiff was thereby deceived."

It appears in evidence that the plaintiff had instructed his attorney to take such steps as were necessary to protect

plaintiff's interests; that defendant called at plaintiff's office where defendant had a conversation by telephone with plaintiff's attorney. In this conversation defendant represented that he had the money and would pay the rent that day. Plaintiff's attorney replied to the defendant: "I have held off on this thing as long as I can. If you are going to come through on it you must do it now." Defendant then promised that he would call at said attorney's office at three o'clock of the same day and pay $1,000 on account of said rent. The attorney replied: "You bring either a certified check for this thousand dollars or cash. Nothing else will be taken." Defendant failed to keep the appointment and made no further payment on account of the rent. During the nighttime of the same day he removed all of the stock of goods from said store to a point without the State.

From all of the evidence we think the jury were warranted in finding that the defendant, knowing that the plaintiff was about to attach said stock, made the promise to pay without any intention of keeping the promise and for the sole purpose of avoiding an attachment by gaining sufficient time to remove said stock of goods without the State. The defendant offered no evidence, and it is clear from the testimony submitted by the plaintiff that he was induced, by the defendant's promise and representation of an intention to pay, to forego his right and intention to attach immediately. The plaintiff has not received any part of the rent due at the time said promise and representation were made.

The main question presented is whether on the above statement of facts the plaintiff can maintain an action for deceit. This is not an action for promises broken. The question is: Did the defendant, with knowledge of its falsity, make a false representation of a material fact for the purpose of inducing the plaintiff to act upon the representation, and did he rely and act upon it to his damage?

The false representation relied upon was the false representation of an intention to pay. In *Swift* v. *Rounds*, 19

R. I. 527, it was held that an action of deceit lies if a person purchases and obtains goods on credit having an intention not to pay for them. It was held that by obtaining goods under such circumstances there was an implied representation of an intention to pay. The court said: "The state of a man's mind at a given time is as much a fact as is the state of his digestion," and quoted with approval from Bigelow on Fraud as follows: "to profess an intent to do or not to do when a party intends the contrary, is as clear a case of misrepresentation and of fraud as could be made." For a holding to the same effect see *Laing* v. *McKee*, 13 Mich. at 126. See also *Reagan* v. *Hadley*, 57 Ind. 509.

The defendant relies upon *Bradley* v. *Fuller*, 118 Mass. 239, wherein it was apparently held on demurrer to the declaration that an action of deceit does not lie against an officer of a corporation who, by falsely and fraudulently representing to a creditor of the corporation that it owes no other debts, induces said creditor to refrain from securing his claim by attachment, and all of the assets of the corporation are attached and taken to satisfy the claim of another creditor. The case is not as clear as it might be if we had before us the complete language of the declaration. The court used language as follows: "It must necessarily be uncertain whether the plaintiff would have attached the property and applied it to the payment of his debt if the alleged representations had not been made." "There is no attachment or attempt to attach on the part of the plaintiff alleged; it does not appear that, by reason of the alleged representations, he lost anything which he ever had."

In the case before us it is reasonably certain that, but for the representation, the plaintiff would have attached and secured payment, in part at least, of his claim. At all events the plaintiff intended to attach and had the right to attach. He agreed to and did give up this right in reliance upon the defendant's false representation; and it cannot be said as a matter of law that the plaintiff suffered no damage. The jury evidently found, and were warranted in finding,

that had the representation not been made, he would have attached and that he suffered damage by not attaching.

A person has suffered damage, and deceit lies where he, in reliance upon a false representation fraudulently made, refrains from enforcing a legal right. *Bowen* v. *Carter*, 124 Mass. 426; *Fottler* v. *Moseley*, 179 Mass. 295. In the latter case the court distinguishes *Bradley* v. *Fuller* as follows: "The cases of *Lamb* v. *Stone*, 11 Pick. 527, *Wellington* v. *Small*, 3 Cush. 145, and *Bradley* v. *Fuller*, 118 Mass. 239, upon which the defendant relies, are not authorities for the proposition that 'refraining from action is not acting upon representation'." See also *Alexander* v. *Church*, 53 Conn. 561, 4 A. 103; *N. Y. Land Co.* v. *Chapman*, 118 N. Y. 288; *Rothmiller* v. *Stein*, 143 N. Y. 581. In the latter case the court referred to *Bradley* v. *Fuller* and said: "What a person would have done, but did not do because (as he alleges) of the fraud of another, may not always be a matter of such vague conjecture as to render the question incapable of that degree of proof upon which courts of justice may properly act."

The exception to the refusal to direct a verdict for the defendant is overruled. The defendant's other exceptions are without merit and require no consideration.

The plaintiff's exception is to a ruling that damages were limited to $1,500, the amount due as rent, and that plaintiff could not recover for breach of the lease.

The plaintiff sued for damages for breach of the lease as well as for damages for loss of rent up to the time this action accrued. The evidence that the lease was broken by the lessee was not disputed. At the time of the deceit complained of the plaintiff had given notice to the lessee that the lease was terminated by reason of the lessee's breach. It is idle to suppose that the plaintiff, if he had made an attachment, would not have sued to recover his full damage.

It appears that the plaintiff's loss by reason of the failure to pay rent and the breach of the lease amounts to $3,500. However, the plaintiff cannot recover in this action an

amount in excess of the value of the goods which he intended to attach. The only evidence of the value of said goods was the testimony of Mr. O'Gorman, Sr., who testified that the stock was worth anywhere "from three, four, and the most $5,000."

While this testimony was not contradicted, it is clear that it was based on nothing except an estimate made by the witness while walking through the store; and we are of the opinion that we should not order that judgment be entered for $3,500. The instruction complained of was erroneous and the plaintiff, if he so desires, is entitled to a new trial.

All of the defendant's exceptions are overruled. The plaintiff's exception is sustained.

The papers in the case are ordered remitted to the Superior Court for a new trial on the question of damages only, provided the plaintiff shall within ten days file in the office of the clerk of the Superior Court a writing stating that he elects to accept a new trial. If the plaintiff shall fail to file such writing within ten days, judgment is ordered entered for the plaintiff on the verdict.

*John P. Beagan, Edmund F. Beagan,* for plaintiff.
*Henry D. Bellin, Edward W. Bradford,* for defendant.