CLIFTEX CLOTHING CO., INC. *vs.* THOMAS DiSANTO.

FEBRUARY 13, 1959.

PRESENT: Condon, C.J., Roberts, Paolino and Powers, JJ.

CONDON, C. J. This is an action of trespass on the case for fraud. It was tried before a justice of the superior court, sitting without a jury, who rendered a decision for the plaintiff. The case is here on the defendant's bill of exceptions which alleges numerous exceptions including one to such decision. On our view of the case it will be necessary to discuss only that exception.

The trial justice found from the following facts that defendant was guilty of actionable fraud on the plaintiff. The defendant in his capacity as president of Harborside Purchasing Company, a Rhode Island corporation, transferred all of its stock of merchandise and fixtures, but not in the usual course of trade, to Salbro, Inc. for a valuable consideration and gave to the purchaser a bill of sale together with an affidavit in which he stated "that said corporation has no creditors to the best of my knowledge and belief." At that time Harborside Purchasing Company was indebted to plaintiff in the sum of $4,463.65, which has since been reduced to $2,176.88. It is clear from the evidence that

defendant knew of this indebtedness when he made the affidavit.

The plaintiff successfully contended before the trial justice and it contends here that defendant's false statement deprived it of the opportunity of enforcing collection of Harborside's indebtedness by attachment of its stock and fixtures. The plaintiff offered no evidence that it had foregone resort to that remedy as a result of a promise by defendant to pay such indebtedness. However, it takes the position that the false affidavit itself was sufficient to make defendant liable in an action of fraud and deceit by virtue of the provisions of general laws 1956, §6-16-2, otherwise known as the bulk sales act.

In support of that view it cites *In re De Nomme* (D.C., R. I.), 214 Fed. 671, which held that such a false affidavit was a fraud on creditors in that it deprived them "of the opportunity to protect their rights afforded by the statute." The plaintiff also relies on *O'Gorman* v. *Haber,* 50 R. I. 351. The bulk sales act was not involved in that case, but plaintiff claims it is nevertheless in point because this court therein held that a false promise by a debtor which deprived his creditor of his remedy to enforce collection of the debt by attachment was an actionable fraud.

The defendant contends that the bulk sales act does not apply. He argues that it is expressly limited to rendering a sale fraudulent as to creditors *only* where the *purchaser* has not complied with its requirements. He further contends that to construe it more broadly as was done in *In re De Nomme, supra,* would be an unwarranted liberal construction, since the act is clearly in derogation of the common law and therefore should be given a strict construction.

Our act reads as follows: "Notice to creditors of bulk sales.—The transfer of the major part in value of the whole of a stock of merchandise and fixtures, or merchandise or fixtures, otherwise than in the ordinary course of trade and

in the regular and usual prosecution of the transferor's business, whether in one or more parcels or to one or more persons, provided the transfer is all part of substantially one (1) transaction or proceeding, or occurs substantially at one (1) time, shall be fraudulent and void as against all persons who are creditors of the transferor at the time of such transfer, unless the transferee demands and receives from the transferor a written list of the names and addresses of the creditors of the transferor and certified by him, under oath, to be, to the best of his knowledge and belief, a full, accurate, and complete list of his creditors; and unless the transferee shall, at least five (5) days before such transfer, notify personally, or by registered or certified mail, every creditor whose name and address is stated in said list of the proposed transfer, and shall also, in case the transferor is a corporation, notify the general treasurer of the proposed transfer within said period of said proposed transfer."

In our opinion those statutory provisions are not broad enough to embrace the instant case and render defendant's affidavit a false representation sufficient in and of itself upon which to base an action of fraud and deceit. This court has heretofore had occasion to consider this act in *Glantz v. Gardiner*, 40 R. I. 297, and we construed it strictly according to its phraseology. In that case a purchaser received from the seller a list of his creditors and thereafter did all the things required of him by the statute. However, it appeared that such list was not complete in that one creditor had been omitted. The purchaser learned of this after he had received the list but before the transfer was completed. The omitted creditor contended that this rendered the sale fraudulent as to him.

In rejecting that contention, at page 304, the court stated: "The statute declares the sale void *only* on the failure of the purchaser to do what is required of him. It does not declare the sale void if the list of creditors furnished

by a vendor under oath is not in fact 'full, accurate and complete.' " By thus deciding, the court impliedly declined to extend the scope of the statute beyond its express language and give it a liberal construction. On the contrary the following statement in its opinion, at page 307, indicates it adopted a strict construction: "It may be urged that under the statute as thus interpreted opportunity is afforded a vendor to successfully practice fraud. That is entirely possible. We think the remedy for this situation lies with the law-making body and not with the courts. It is noteworthy that while common observation shows that it is the dealer in merchandise, who for one reason or another, attempts to defraud his creditors by the sale of his stock, our statute, like some others, declares such a sale fraudulent and void only on a failure of the purchaser to do certain things." Since the purchaser had done such things the court expressly held that "the sale or transfer is not fraudulent and void under these statutes."

That case was decided in 1917, three years after *In re De Nomme, supra,* was decided. The interpretation which the federal court placed upon the statute has therefore been superseded by this court's construction in the *Glantz* case. In the case at bar plaintiff concedes, as well it must in the light of the *Glantz* case, that the sale to Salbro, Inc. is not fraudulent. Since there is no provision in the statute declaring that failure on the part of the seller to furnish a complete list of his creditors constitutes a fraud on the creditors, defendant cannot be held guilty of fraud thereunder.

However, plaintiff appears to contend that aside from the statute the defendant's false affidavit is akin to the false assurance given to the creditor in *O'Gorman* v. *Haber, supra,* which was held to be actionable fraud. An examination of that case fails to bear out such contention. The defendant there, according to the court's opinion at page 353, "knowing that the plaintiff was about to attach said stock, made the promise to pay without any intention of keeping

344

the promise and for the sole purpose of avoiding an attachment by gaining sufficient time to remove said stock of goods without the State." In the instant case we have searched the transcript in vain to find any analogous conduct by this defendant. In fact we found no evidence upon which the trial justice legally could have based his decision that defendant was guilty of actionable fraud and deceit. It appears that he must have relied upon the uncontradicted evidence of defendant's false affidavit as presumptive proof of such deceit. If so, this was error.

It has been held in this state for a long time that, in an action of deceit, fraud is never presumed but must be clearly proved. *Simeone* v. *Prato*, 82 R. I. 496; *Nixon* v. *Brown*, R. I., 92 Atl. 557. The plaintiff had the burden of proving that defendant made a false representation intending thereby to induce plaintiff to rely thereon and that it, plaintiff, did rely thereon to its damage. Intent to deceive is an essential element of an action of fraud. *N. H. White & Co.* v. *Fitch*, 19 R. I. 687. In addition there must be a showing not only of the falsity of defendant's representation but also that plaintiff was induced to rely upon it and was thereby injured. *Dunn & McCarthy* v. *Bishop*, R. I., 90 Atl. 1073.

In the case at bar the false representation was made not to the plaintiff but to the purchaser. Since the representation was not made to the plaintiff to induce it to take or refrain from taking any action toward the defendant, the plaintiff could not rely upon it. *Butterfield* v. *Barber*, 20 R. I. 99. Unlike the plaintiff in the *O'Gorman* case, the plaintiff here was not prevented from enforcing its claim by reliance upon a false promise to pay by the defendant. There is no evidence in the present record of any representation to the plaintiff. And it does not appear that it was intending to enforce collection of Harborside Purchasing Company's debt by attachment and that the defendant dissuaded it therefrom with false promises to its detriment.

Therefore since there was no evidence tending to prove the essential elements of an action for deceit and since the bulk sales act was not applicable, it is clear that the trial justice erred in deciding for the plaintiff.

The defendant's exception to the decision is sustained, the decision is reversed, and on March 2, 1959 the plaintiff may appear before this court to show cause, if any it has, why the case should not be remitted to the superior court with direction to enter judgment for the defendant.

SHOW CAUSE HEARING.

MARCH 6, 1959.

PER CURIAM. In the above-entitled case, pursuant to our opinion heretofore filed, the plaintiff through its attorney appeared to show cause why the case should not be remitted to the superior court with direction to enter judgment for the defendant.

Upon consideration, we are of the opinion that no sufficient cause has been shown to change our conclusion, and the case is remitted to the superior court for entry of judgment for the defendant in accordance with our original opinion.

*Adelson, Chernick & Decof, Melvin A. Chernick,* for plaintiff.

*Anthony Grilli,* for defendant.