**ASSOCIATES IN
ANESTHESIA, INC. et al.**

v.

**MUTUAL BENEFIT LIFE INSURANCE
COMPANY et al.**

No. 83–562–Appeal.

Supreme Court of Rhode Island.

Feb. 7, 1986.

Ira L. Schreiber, Schreiber Law Assoc., Providence, for defendants.

Peter L. Kennedy, Adler, Pollack & Sheehan, Deming E. Sherman, Edwards & Angell, Providence, for plaintiffs.

OPINION

SHEA, Justice.

The matter before the court arises out of the issuance of four life insurance contracts by the defendant Mutual Benefit Life Insurance Company of New Jersey (Mutual Benefit) insuring the life of the plaintiff, Dr. Guglielmi. The policies were issued through its agent, defendant Richard L. Abedon, and his corporation, Richard L. Abedon Company, Inc. (collectively "Abedon"). Doctor Guglielmi and his professional corporation, Associates in Anesthesia, Inc. (Associates), sued Mutual Benefit for reformation of the four insurance contracts. The complaint contained several counts including misrepresentation, deceit, and negligence. At the close of the plaintiffs' case the defendants moved for a directed verdict, and it was granted. The plaintiff now appeals from the granting of that motion. We affirm.

Between 1971 and 1973 Associates, whose stockholders and officers are Dr. Guglielmi and Dr. Julius C. Miglori, obtained four life insurance policies on the life of Dr. Guglielmi from Mutual Benefit. The policies were related to Associates'

pension program. The applications were made through Richard L. Abedon, a pension consultant and agent for Mutual Benefit in Rhode Island. The applications each contained a request for disability-waiver coverage, which usually means that premiums would be waived if the insured became disabled. Mutual Benefit, however, did not issue the policies with disability-waiver coverage.

The defendants asserted that Dr. Guglielmi signed amended applications that eliminated the request for disability-waiver coverage. Doctor Guglielmi testified that he did not sign the amendments, that the signatures on the amended applications were forgeries. A handwriting expert testified that in her professional opinion the signatures on the amendments were not written by Dr. Guglielmi and that they were forgeries. The amendments were attached as endorsements to each of the policies.

While the policies were in effect, Dr. Guglielmi became ill and was disabled for six months. During this six-month period Associates continued to pay premiums on the policies. Upon the doctor's return to work, Associates applied for return of the premiums paid during the period of Dr. Guglielmi's disability. Associates was told by a member of Abedon's staff that Dr. Guglielmi's policies had been issued without the waiver-of-premium coverage and that the doctor had signed amendments to his application accepting the waiver-of-premium provision. Later, Associates surrendered the policies for their cash value.

At the close of plaintiffs' case, defendants moved for a directed verdict. Abedon argued that plaintiffs failed to introduce any evidence in regard to its damages. Mutual Benefit joined in Abedon's argument and argued also that since the insurance policies were surrendered by Associates and cash values were received, there were no contracts to reform. They also argued that reformation requires evidence of a mutual mistake and that since the insurance company made no mistake here

in disallowing the waiver-of-premium provision, misrepresentation on the part of Mutual Benefit or its agent had not been established. The trial justice granted defendants' motion.

In considering a motion for a directed verdict this court must do what the trial justice is called upon to do in the first instance. We review the evidence and all inferences reasonably flowing therefrom in the light most favorable to the nonmoving party. We do not consider the credibility of the witnesses or the weight of the evidence. If issues exist upon which reasonable persons might draw conflicting conclusions, the motion should be denied. *Marcotte v. Harrison*, —— R.I. ——, 443 A.2d 1225 (1982).

■ The plaintiffs sought reformation of the insurance policies to include disability-waiver coverage. At the time of trial plaintiffs had surrendered all of the policies to defendants for their cash value. For a court to reform a written instrument one must exist at the time of trial. *Hopkins v. Equitable Life Assurance Society of the United States*, 107 R.I. 679, 270 A.2d 915 (1970). Because plaintiffs surrendered the policies to defendants, there was nothing to reform, thus the reformation issue was moot. Furthermore, as the trial justice noted, there was no testimony or evidence presented concerning what specific language the disability-waiver provision should have contained; therefore, even if the policy existed, there was no evidence with which to reform the contracts.

■ Moreover, reformation of a contract requires evidence of a mutual mistake. *Hopkins*, 107 R.I. 679, 270 A.2d 915 (1970); *Kornstein v. Almac's, Inc.*, 98 R.I. 318, 201 A.2d 645 (1964). Although there was evidence from which a jury could infer mistake on the part of plaintiffs, there was none from which a jury could infer mistake by defendants. No witnesses were called at trial from Mutual Benefit, and Mr. Abedon, its agent, testified that he was informed by Mutual Benefit that he could not

issue the policies with disability-waiver coverage. It is clear, therefore, that there was no mistake on the part of defendants upon which a claim for reformation can be based.

■ The plaintiffs also failed to establish their claims of misrepresentation and deceit against Mutual Benefit and Abedon. No evidence at trial established a knowing material misrepresentation by defendants. Furthermore, the trial justice found that "there's been absolutely no showing that there were any losses that necessarily followed as a result of such a misrepresentation of fact, if [there was] in fact a misrepresentation of a material fact." Since both of these elements to the tort of misrepresentation were unproven, plaintiffs' claim on that issue must fail also.

■ The trial court, after reviewing the evidence in the light most favorable to plaintiffs, correctly concluded that no showing of fraud or deceit had been made against any of defendants. To support that count, a plaintiff would have had to introduce evidence that the defendant intentionally made a false representation designed to induce the plaintiff to rely upon it and the plaintiff relied on it to his/her detriment. In an action of deceit, "fraud is never presumed but must be clearly proved." *Cliftex Clothing Co. v. DiSanto*, 88 R.I. 338, 344, 148 A.2d 273, 275 (1959).

There is absolutely no evidence that Mutual Benefit or Abedon induced plaintiffs to buy the policies in question by virtue of any material misrepresentations. The most that the evidence would show was a unilateral mistake by plaintiffs. There was also no evidence that Abedon or the insurer signed or caused the waiver to be signed with Dr. Guglielmi's name. The trial court correctly directed a verdict on this count also.

The plaintiffs argue that they would not have had to pay premiums during the disability of Dr. Guglielmi. This is speculative since no definition of "disability" was established, nor was there any evidence about whether a waiting period would have existed. Without any evidence on these matters, no comparison can be made between what plaintiffs received and what they claim they should have received, to establish what, if anything, defendants would be liable for. Without that comparison, plaintiffs cannot establish a loss or that defendants committed any tort or breach of contract.

Our examination of the record leads us to the conclusion that the plaintiffs failed to make out a prima facie case on all counts. That being the case, the motion for directed verdict on all counts was properly granted.

For all of the foregoing reasons the plaintiffs' appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of this case are remanded to the Superior Court.

BEVILACQUA, C.J., did not participate.