DECISION
This matter is before the Court on Defendants' Motion for Summary Judgment. This Court has jurisdiction pursuant to Rule 56 of the Rhode Island Superior Court Roles of Civil Procedure.
 Facts
In 1994, plaintiff Theodore Stebbins, Jr. and Defendant Melinda Blauvelt Wells executed a purchase and sale agreement for a piece of waterfront property located at 71 Indian Hill Road, Little Compton, Rhode Island. Co-defendants Ms. Miriam Scott and Coastal Properties, Ltd. Were listed in the agreement as agents. Prior to the consummation of the sale, three separate inspections were performed.[1] A fourth inspection was performed after the plaintiff became the owner.[2]
Soon after closing, the Plaintiff ascertained that, due to its waterfront location, the property was predisposed to erosion.[3] Upon so discovering, the Plaintiff filed the instant action alleging, in part, charges of fraud, breach of contract and civil RICO violations.[4] It is alleged that the "defendants either intentionally, unintentionally, or negligently failed to disclose the existence of ongoing erosion of this waterfront property, and misrepresented the condition of certain vegetation and structures on the property. Defendants now move for summary judgment.
 Summary Judgment
Rhode Island Super. R. Civ. Proc. 56, governing summary judgment, requires a trial justice to determine the necessity of trial by identifying a genuine issue of material fact in dispute.Rotelli v. Catanzaro., 686 A.2d 91 (R.I. 1996). To avoid summary judgment, the party opposing the motion cannot rest upon conclusions or mere allegations or denials in the pleadings; rather, the party must affirmatively set forth competent evidence that raises a genuine issue to be resolved. Sisters of Mercy ofProvidence. Inc. v. Wilkie, 668 A.2d 650, 652 (R.I. 1996). A trial justice may properly grant summary judgment only when, after reviewing the evidence in light most favorable to the non-moving party, the trial justice concludes that no genuine issue of material fact exists and the moving party's claim warrants judgment as a matter of law. R.I. Super. R. Civ. p. 56 (c);Harritos, et al. v. Cambio, et al., 683 A.2d 359 (R.I. 1996).
 No Breach of Contract and No Fraud
The Plaintiff argues that the Defendant intentionally concealed the fact that the property in question suffered from a severe erosion problem. Support for this allegation is culled from the fact that the Defendant, Miriam Scott, once owned the property and lived there for ten years. Memorandum of Law in Support ofPlaintiff's Objection to Defendants' Motions For Summary Judgment
at 4. Therefore, plaintiff concludes, she was fully aware of the existence and extent of the problem which under R.I.G.L. §§5-20.8-2 she had a duty to disclose.
In making his argument, the Plaintiff relies on R.I.G.L. § 5-20.8-2 entitled Disclosure Requirements. He quotes the section of the statute that says that the disclosure form shall "state all deficient conditions [about which] the seller has actual knowledge." Memorandum in Objection to Summary Judgment at 8. He claims that the disclaimer form in this case does not satisfy the requirements of the statute and that the defendants' failure to disclose the erosion problem was fraudulent thereby making the contract for sale void against public policy.
In response, the Defendants argue that the purchase and sales agreement contains an "as is" clause which provides:
 "Buyer acknowledges that Buyer has inspected the premises and all improvements thereon and in purchasing the same has not relied upon any warranties, representations or statements of the Seller or Broker as to its condition, Buyer agreeing to accept the premises "AS IS" and without expectation as to their suitability for any particular purpose whether or not expressed in this Agreement."
This section, Defendants argue, is enforceable because it expressly and specifically addressed the issues underlying Plaintiff's charges. Citing the Plaintiff's deposition, the Defendants' highlight the fact that the Plaintiff admitted that during the negotiations for the purchase and sale of the subject property, he was neither concerned with the issue of erosion nor did he discuss the topic with Ms. Scott at any time prior to his purchase. Defendant's Memorandum of Law in Support of TheirMotion for Summary Judgment at 3, citing Deposition of TheodoreStebbins, Jr. At 148-49.
The duty that sellers owe to subsequent purchasers is established primarily through contracts between the parties who theoretically reach an arms-length agreement on a sale price that reflects the true value of the land. Hydro-Manufacturing v.Kayser-Roth, 640 A.2d 950 (R.I. 1994) citing PhiladelphiaElectric Co. v. Hercules,. Inc., 762 F.2d 303, 312 (3rd Cir.), cert denied, 474 U.S. 980, 106 S.Ct. 384, 88 LEd.2d 337 (1985);Wilson Auto Enterprises., Inc. 778 F. Supp at 105. A buyer is under an affirmative duty to inspect the land and to make a reasonable inquiry regarding its condition.
This duty to fully inspect, prior to commitment, strengthens the Buyer's power of negotiation. Specifically, any buyer concerned with the condition of the properly can seek a reduction in the sale price or walk away from the sale. It is perhaps because of the duty to inspect the land that "[t]he doctrine of caveat emptor is still very much applied to sales of real estate," Eramo v. Condoco et al., 655 A.2d 697 (R.I. 1995). Under this doctrine, the liability of the seller can be limited by the terms expressed in the purchase and sales agreement. PhiladelphiaElectric, 762 F.2d 303.
While true that fraud "vitiates all contracts," LaFazia vHowe, 575 A.2d 182, 185 (R.I. 1990), in order to establish a prima facie damages claim in a fraud case, the plaintiff must prove that the defendant "made a false representation intending thereby to induce plaintiff to rely thereon" and that the plaintiff justifiably relied thereon to his or her damage.Travers v. Snidell, 682 A.2d 471 (R.I. 1996) citing CliftexClothing Co. v. DiSanto, 88 R.I. 338, 344, 148 A.2d 273, 275 (R.I. 1959).
In the case at bar, the Buyer/Plaintiff failed to conduct a thorough investigation of the property before its purchase. When purchasing a piece of waterfront property, it is unreasonable not to investigate, or, at the very least, inquire about the possibility of erosion. However, the Plaintiff admitted that he neither thought about nor asked whether such a problem existed.
There is, therefore, no misrepresentation or inducement in this case as the matter of erosion was never raised or addressed by the parties.
Additionally, an "AS IS" clause in the purchase and sales agreement should have triggered some warning bells sufficient to incite questions regarding its relevance. This Plaintiff admits that he is not a neophyte with regards to the problems of waterfront property and for several summers be rented homes in this very section of the state. It is, therefore, this Court's opinion that there was neither fraud nor inducement in the parties' choice to enter into the sale of this property nor in the final consummation. Furthermore, the Defendants in no way breached the contract into which they entered.
As the Court finds that there are no genuine material facts in dispute, the Defendant's Motion for Summary Judgment is hereby granted. Counsel shall prepare the appropriate Order.
[1] These inspections were performed by the following companies:
a. Mason Environmental Services, Inc., Pocasset, MA (Inspection performed for Defendant, Melinda Blauvelt Wells.)
b. Heritage inspection Service. Rehoboth, MA.
c. Silcorp Appraisal Services, Narragansett, R.I.
[2] This inspection was performed by Gates, Leighton 
Associates, Inc., in East Providence, Rhode Island.
[3] Plaintiff claims that "the `disclosure' sheet required by law to be furnished to Mr. Stebbins prior to the closing, and required by law to disclose all `deficient conditions,' did not refer to any problems with the property relating to erosion." Stebbins Affidavit at 7.
[4] Though the plaintiff's complaint included other causes of action, these three are those presented to this Court on Defendant's Motion. Upon hearing oral arguments on Defendants'' Motion, this Court granted the Motion with regard to the RICO claim.