DECISION
Before this Court is a motion to dismiss pursuant to Super. R. Civ. P. 12(b)(6) and a motion for judgment on the pleadings pursuant to Super. R. Civ. P. 12(c). John J. Przygoda, individually and in his capacity as Trustee of John J. Przygoda, M.D. Pension Plan (Przygoda or Plaintiff), has filed a second amended complaint (Complaint)[1] asserting various claims relating to the creation and administration of a defined benefit pension plan funded as *Page 2 
provided under section 412(i) of the Internal Revenue Code (the Code).[2][3] Defendant Pacific Life Insurance Company (Pacific Life), joined by Defendants The Graduate Group, Inc., (Graduate Group), John A. Lemme, and Blue Chip Financial Partners (Blue Chip) and Clifford J. Deck and Clifford J. Deck, CPA, Inc. (collectively, Deck), [4] have moved to dismiss Plaintiff's Complaint, arguing that it fails to give fair and adequate notice of the claims being asserted and lacks the requisite particularity for fraud claims under Super. R. Civ. P. Rule 9(b).
 I Facts and Travel
Plaintiff is the sole proprietor of a medical office located in Warwick, Rhode Island. Plaintiff alleges that on or about December 20, 2002, based upon the allegedly fraudulent representations, presentations, and recommendations of the Defendants Deck, Lemme, Blue Chip, and Pacific Life, he established a 412(i) pension plan (the Plan) to provide retirement benefits to Plaintiff and Plaintiff's eligible employees. Graduate Group executed the documents necessary to implement the Plan. The Plan was funded with certain life insurance policies purchased from Pacific Life. The Plaintiff engaged Defendant Innovative Pension Strategy Design (Innovative)[5] to administer the Plan, including its compliance with the qualification requirements under the Code. Although the Plan was a purported 412(i) plan in years 2002 and 2003, in 2004, at the recommendation of Innovative, Plaintiff's plan was amended to remove the *Page 3 
412(i) feature, but continued to be a defined benefit plan. According to Plaintiff, all Defendants engaged in a civil conspiracy to design, market, and sell life insurance policies for defined benefit pension plans seemingly, but not actually, in compliance with § 412(i). Plaintiff alleges that for years the IRS has issued announcements and notices advising that such noncompliant, "abusive" 412(i) plans are contrary to federal tax laws and regulations.
Subsequent to the establishment of the Plan, the Internal Revenue Service (IRS) issued Revenue Ruling 2004-20. Rev. Rul. 2004-20, 2004-10 I.R.B. 546, 2004 WL 259195, 2004-1 C.B. 546 (IRS RRU Feb 13, 2004). Under that ruling the IRS held that employer contributions under a qualified defined benefit plan that are used to purchase life insurance coverage for a participant in excess of the participant's death benefit provided under the plan are not fully deductible when contributed, and certain excess contributions may constitute a listed transaction.[6] Id. Accordingly, Plaintiff claims, inter alia, that Defendants, despite a duty to do so, never warned Plaintiff that his Plan did not comply with the incidental death benefit rule and that he should not claim certain deductions. (Complaint ¶ 39.) The IRS allegedly began investigating the Plaintiff's Plan in 2006, and Plaintiff consequently suffered damages.
 II Standard of Review
The Court is confronted with alternative Rule 12 motions, a Rule 12(b)(6) motion to dismiss for failure to state a claim and a Rule 12(c) motion for judgment on the pleadings. A Rule 12(c) motion provides the court with the means of disposing of a case early in the litigation process, after the pleadings have been closed, when the material facts are not in dispute, and only questions of law remain to be decided. Haley v. Town ofLincoln, 611 A.2d 845, 847 (R.I. 1992). *Page 4 
It is well-settled in Rhode Island that the role of a Rule 12(b)(6) motion is merely to test the sufficiency of the complaint. See Toste Farm Corp. v. Hadbury, Inc.,798 A.2d 901, 905 (R.I. 2002) (quoting R.I. EmploymentSec. Alliance, Local 401, S.E.I.U., AFL-CIO v. State Dep't ofEmployment and Training, 788 A.2d 465, 467 (R.I. 2002)).
The standard of review applicable to a Rule 12(c) motion for judgment on the pleadings is the same as the standard applicable to a Rule 12(b)(6) motion to dismiss. Collins v. FairwaysCondominiums Ass'n, 592 A.2d 147, 148 (R.I. 1991). "When ruling on a Rule 12(b)(6) motion, the trial justice must look no further than the complaint, assume that all allegations in the complaint are true, and resolve any doubts in a [non-movant's] favor."Id. (quoting Rhode Island Affiliate, ACLU v.Bernasconi, 557 A.2d 1232, 1232 (R.I. 1989)). Therefore, a court should only grant a motion to dismiss for failure to state a claim upon which relief may be granted, and, by extension, a motion for judgment on the pleadings, "when it is clear beyond a reasonable doubt that the [non-movant] would not be entitled to relief under any set of facts that could be proven in support of the claim."Siena v. Microsoft Corp., 796 A.2d 461, 463 (R.I. 2002). However, Superior Court cases "are not to be disposed of summarily on arcane or technical grounds." Haley v. Town of Lincoln,611 A.2d 845, 848 (R.I. 1992). If the court grants a judgment on the pleadings, "it is because it is apparent beyond a reasonable doubt that a trial would be of no use in determining the merits of the plaintiff's claim for relief." Id.
 III Discussion
In this matter, the Plaintiff seeks damages from all Defendants relating to the negative treatment of the Plan by the IRS, as well as the rescission of certain life insurance policies purchased from Pacific Life to fund such Plan. According to the Plaintiff, but for the tax representations made by the Defendants, Plaintiff would not have established the Plan or *Page 5 
purchased life insurance products from Pacific Life. Defendants argue that all claims should be dismissed.
 A Claims against Deck
Plaintiff has asserted a claim of professional negligence against Deck. Deck contends that such a claim is barred by the economic loss doctrine which prevents a plaintiff from recovering purely economic losses for a claim of negligence. Plaintiff argues that the doctrine should not apply in this matter because in Rhode Island the doctrine is not applicable to consumer transactions.
Under the economic loss doctrine "a plaintiff is precluded from recovering purely economic losses in a negligence cause of action."Franklin Grove Corp. v. TNT Building Corp. et al,936 A.2d 1272, 1275 (R.I. 2007) (quoting Boston InvestmentProperty # 1 State v. E.W. Burman, Inc.,658 A.2d 515, 517 (R.I. 1995)). Accordingly, a plaintiff may not recover damages under a negligence claim without suffering a personal injury or property damage. Id. However, under Rhode Island law, the economic loss doctrine is limited to disputes involving commercial entities and is not applicable to consumer transactions. Id.
Deck argues that since Plaintiff created the subject Plan to provide retirement benefits to Plaintiff and the eligible employees of Plaintiff's medical office, he was acting in a business capacity. Plaintiff challenges such an assertion maintaining that Plaintiff is not a commercial entity and services provided by Deck were in connection with the filing of his personal tax returns. The Court is mindful that as a sole proprietor Dr. Przygoda was required to report all business income or losses on his personal income tax return. Nevertheless, Plaintiff alleges that Deck was acting as a confidential advisor to Plaintiff in all financial matters. Further, Plaintiff alleges that he relied upon Deck to maintain both his business and personal accounts and *Page 6 
ultimately to prepare his personal tax returns. Given that Plaintiff is before this Court, not as a commercial entity, but as an individual alleging negligent preparation of his personal tax returns, the economic loss doctrine is not applicable.
The elements which govern ordinary negligence actions are also applicable in actions for professional negligence. Am. Jur.Negligence § 177; see Cronan v. Iwon,972 A.2d 172, 173 (R.I. 2009). To establish a cause of action for negligence, the plaintiff must allege four elements: (1) a legally cognizable duty owed by defendant to plaintiff; (2) breach of such duty; (3) that the conduct proximately caused the injury; and (4) actual loss or damage. Medeiros v. Sitrin,984 A.2d 620, 625 (R.I. 2009) (citing Santana v. RainbowCleaners, Inc., 969 A.2d 653, 658 (R.I. 2009)). A plaintiff who asserts a cause of action based on negligence has the burden to "establish a standard of care and prove, by a preponderance of the evidence, that the defendant deviated from that standard of care."Id. (quoting Riley v. Stone,900 A.2d 1087, 1095 (R.I. 2006)). The standard of care applicable in professional negligence action is the degree of care which a reasonably prudent person, with the special knowledge or skills the defendant possesses, would have exercised under the same or similar circumstances. Am. Jur. Negligence § 177; see alsoBoone v. William W. Backus Hosp.,864 A.2d 1, 11-12 (Conn. 2005); Fisherman's Wharf Assocs. II v.Verrill Dana, 645 A.2d 1133, 1136 (Me. 1994).
Here, Plaintiff has alleged that as his accountant and confidential advisor Deck had a duty of care to Plaintiff which was breached, inter alia, by Deck's negligently preparing Plaintiff's tax returns, particularly in regard to deductions and contributions relating to the Plan. Further, Plaintiff alleges that as a result of such conduct, Plaintiff was harmed and forced to pay increased taxes, penalties, and interest to the IRS and the State of Rhode Island. However, Deck argues *Page 7 
that this claim should be dismissed in accordance with Berry v.Indianapolis, 600 F.Supp.2d 805 (N.D.Tex. 2009).
In Berry the Court dismissed the policyholders claims finding that they had failed to properly plead claims of conspiracy and fraud. Id. at 805. The Berry Court reasoned that the plaintiffs were illogically attempting to use the ultimate rulings made by the IRS in 2004-2005, which plaintiffs alleged resulted in the illegality of their defined benefit plans under § 412(i), "toretroactively demonstrate that representations made by Indianapolis Life's alleged agents in 2001-02 were false when made."Id. at 818. (emphasis added). However, here Plaintiff alleges that Deck prepared Plaintiff's taxes for the 2002 — 2005 taxable years. Additionally, the IRS allegedly began questioning Plaintiff regarding the Plan in March 2006. Consequently, a revenue ruling that was effective Feb. 13, 2004 would certainly have been applicable to Plaintiff's 2005 tax returns. Therefore, after reviewing the complaint and accepting its allegations to be true, the Court denies Defendants' motion for judgment on the pleadings for Count I of professional negligence.
Plaintiff has also asserted a claim for breach of contract against Deck. While Deck has not specifically addressed this claim in his memoranda supporting judgment on the pleadings, the Court will nevertheless address it. Plaintiff has alleged that he had a contract with Deck to provide services as accountant, tax preparer, and financial counselor in good faith and in accordance with accepted professional standards. According to the Complaint, Deck breached such an agreement by improperly preparing Plaintiff's tax returns and failing to advise Plaintiff of potential conflicts resulting from Deck's various roles. Generally, "one drafting a complaint in a civil action is not required to draft the pleading with a high degree of factual specificity." Hyatt v. VillageHouse Convalescent Home, Inc., 880 A.2d 821, 824 (R.I. 2005) (citing *Page 8 Salvadore v. Major Electric Supply, Inc.,469 A.2d 353 (R.I. 1983)). Plaintiff's allegations are sufficient to establish a claim for breach of contract. Therefore, after reviewing the complaint and accepting the allegations as true, the Court denies Defendants' motion for judgment on the pleadings in regard to Count II for breach of contract.
 B Fraud Claims
Plaintiff has asserted claims of negligent misrepresentation and common law fraud against all Defendants, alleging that Defendants made material misrepresentations or omissions with regard to the Plan. Plaintiff has also asserted a claim of civil conspiracy against all Defendants relating to such alleged fraudulent conduct. Additionally, Plaintiff has asserted a claim specifically against Pacific Life labeled "Pacific Life's Sale of Abusive 412(i) Plans," concerning the allegedly false representations regarding the Plan. Defendants contend that the claims alleging negligent misrepresentation, common law fraud, and sale of abusive 412(i) plans have not been pled with the requisite particularity under Rule 9(b) and therefore should be dismissed. Further, Defendants argue that without such claims, Plaintiff cannot assert a claim for civil conspiracy which requires a valid underlying intentional tort. Plaintiff argues that the Complaint has alleged the fraud claims in sufficient detail and properly set forth a prima facie case for civil conspiracy to withstand a motion to dismiss.
Common law fraud is well established in Rhode Island law. In order to establish a claim for fraud, "the plaintiff must prove that the defendant `made a false representation intending thereby to induce plaintiff to rely thereon' and that the plaintiff justifiably relied thereon." Travers v. Spidell, 682 A.2d 471, 472-73 (R.I. 1996) (quoting Cliftex Clothing Co. v. DiSanto,88 R.I. 338, 344, 148 A.2d 273, 275 (1959)). On the other hand, negligent misrepresentation, a lesser included claim of fraudulent misrepresentation, differs only in that, "while the latter *Page 9 
requires knowledge that the pertinent statement was false, the former merely requires that the person who made the statement failed to exercise reasonable care or competence to obtain or communicate true information." Am. Jur. Fraud § 128 (citing FlemingCompanies, Inc. v. GAB Business Services, Inc.,103 F. Supp. 2d 1271 (D. Kan. 2000)); see alsoManchester v. Pereira, 926 A.2d 1005, 1012 (R.I. 2007) (citingMallette v. Children's Friend and Service,661 A.2d 67, 69 (R.I. 1995)).
As discussed supra, "one drafting a compliant in a civil action is not required to draft the pleading with a high degree of factual specificity." Hyatt, 880 A.2d at 824. However, that does not suggest that the drafter of a complaint has no responsibility to provide clarity as to what is alleged.Id. at 824 (quoting Butera v. Boucher,798 A.2d 340, 353 (R.I. 2002)). Since "due process considerations are implicated, . . . `the complaint [must] give the opposing partyfair and adequate notice of the type of claim being asserted.'"Id. (emphasis added). Further, there are some occasions when particularity is required in pleadings, such as in averments of fraud or mistake. See, e.g., Rule 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.")
What constitutes sufficient particularity depends upon the nature of the case and must be determined in the light of the purposes of the rule which are to give fair notice to the adverse party and to enable him to prepare his responsive pleading. Women'sDevelopment Corp. v. City of Central Falls,764 A.2d 151, 161 (R.I. 2001) (quoting 1 Kent,R.I. Civ. Prac. § 9.2 at 92 (1969)); see alsoFeinstein v. Resolution Trust Corp.,942 F.2d 34, 43 (1st Cir. 1991). The First Circuit has strictly applied Rule 9(b) in cases alleging fraud, finding that Rule 9(b) requires the pleader to specify the time, place, and content of the alleged false or fraudulent representations. Feinstein,942 F.2d at 43 (citing New England Data Services,Inc. v. Becher, 829 F.2d 286, 288, *Page 10 
291-92 (1st Cir. 1987)); see also Powers v. BostonCooper Corp., 926 F.2d 109, 111 (1st Cir. 1991). In fraud cases, the First Circuit has found that "allegations based on `information and belief' . . . do not satisfy the particularity requirement unless the complaint sets forth the facts on which the belief is founded." New England Data Services, Inc,829 F.2d at 288 (citing Wayne Investment, Inc. v. Gulf OilCorp., 739 F.2d 11, 13 (1st Cir. 1984)). Furthermore, the pleading of supporting facts is necessary "even when the fraud relates to matters peculiarly within the knowledge of the opposing party." Id. at 14.
Here, Plaintiff's Complaint certainly specifies the content of the alleged false or fraudulent representations. In the sections of the Complaint concerning Count V for common law fraud and Count VI for negligent representation, the Plaintiff averred that all Defendants made or caused to be made
 "material misrepresentations, omissions, or misleading statements to Plaintiff regarding the Plan and the insurance policies issued or to be issued by the Defendant, Pacific Life:
 a. That the life insurance policies to be issued by the Defendant, Pacific Life and the amount of such life insurance policies purchased were appropriate for use in funding a qualified Plan;
 b. That these policies provided a permissible death benefit under the Plan;
 c. That the premiums to be paid on these policies qualified as a deduction for federal income tax purposes; and
 d. That the Plan, including the insurance policies that would be used to fund it, complied with all federal tax laws and regulations." (Complaint ¶ 72, 78; see also ¶ 66.)
However, neither in these sections nor in any other sections of the Complaint does the Plaintiff supply any detail as to when these alleged communications occurred or where they took place. In fact, except for a vague reference to a "pension proposal dated October 23, 2002" there are no dates indicated when any of these Defendants spoke or met with Dr. Przygoda. Further, in the Complaint the Plaintiff never attempts to distinguish among the Defendants and identify which *Page 11 
Defendant made which representations, despite that each were involved differently in the alleged scheme. Based on the purposes of Rule 9(b), when a fraud count is conclusory and lacking in specifics, it is too vague to meet the Rule 9(b) standard.Powers, 926 F.2d at 111 (quoting Lopez v. Bulova Watch Co.,Inc., 582 F.Supp. 755, 766 (D.R.I. 1984)); seealso Berry, 600 F.Supp.2d at 817 (finding that the complaint did not sufficiently connect the alleged representations and their form (oral or written) to the time and place in which they were made to meet the specificity required in the Fifth Circuit). Given the lack of such basic information in the Complaint, the Court finds that the Complaint fails to meet the specificity requirement in Rule 9(b), and Counts IV, V and VI are accordingly dismissed.
The Court notes that Deck, unlike the other Defendants who have filed motions under 12(b)(6), has moved for judgment on the pleadings under Rule 12(c). As discussed supra, the Court should not dispose of matters summarily on technical grounds and judgment on the pleadings is only appropriate if a trial would be of no use in determining the merits of the plaintiff's claim.Haley, 611 A.2d at 848. Here, the Court has not made such a determination nor has it determined that material facts are not in dispute and only questions of law remain to be decided.Id. at 847. Rather, the Court finds that the Plaintiff has failed to plead Counts IV, V and VI with the requisite specificity under Rule 9(b). Therefore, the Court does not grant Deck judgment on the pleadings, but instead dismisses such Counts against all Defendants.
Furthermore, under Rhode Island law, a claim for civil conspiracy is not an independent basis of liability, but rather a means of establishing joint liability for tortuous conduct.Read Lundy, Inc. v. Washington Trust Co. of Westerly,840 A.2d 1099, 1102 (R.I. 2004) (citing Guilbeault v. R.J.Reynolds Tobacco Co., 84 F.Supp.2d 263, 268 (D.R.I. 2000)). Accordingly, a civil conspiracy claim requires a valid underlying intentional tort theory. Id. Here, the Court has *Page 12 
dismissed the claims of fraud and negligent misrepresentation upon which the Plaintiff's civil conspiracy was founded. Therefore, without a valid underlying tort, the Court must also dismiss Plaintiff's claim for civil conspiracy.[7][8]
 IV Conclusion
After due consideration of the arguments advanced by counsel at oral argument and in their memoranda, the Court finds that since Plaintiff's Complaint sufficiently alleges claims for professional negligence and breach of contract, the Court denies Deck's motion for judgment on the pleadings. Additionally, given that the Complaint does not satisfy the pleading particularity requirement of Rule 9(b), the Court accordingly grants Defendants' motions seeking dismissal of Counts IV, V, and VI. Further, based on such dismissals, Plaintiff's complaint does not contain a valid underlying tort to support a claim of civil conspiracy, and therefore, the Court also grants dismissal of Counts III and VII.
Counsel may present an agreed upon Order consistent with the Decision rendered herein or competing Orders if one cannot be agreed upon.
[1] The Complaint asserts the following claims:
Count I — Professional Negligence as to Clifford J. Deck, CPA, Inc. and Clifford J. Deck
Count II — Breach of Contract as to Clifford J. Deck, CPA, Inc. and Clifford J. Deck
Count III — Civil Conspiracy as to all Defendants
Count IV — Pacific Life's Sale of Abusive 412(i) Plans
Count V — Common Law Fraud as to all Defendants
Count VI — Negligent Misrepresentation as to all Defendants
Count VII — Rescission of Pacific Life Insurance Policies
Count VIII — Breach of Contract as to Innovative Pension Strategy Design
[2] A 412(i) plan is a defined benefit pension plan that is funded exclusively by the purchase of individual insurance contracts. To create a 412(i) plan, the employer establishes a trust and funds the plan by making cash contributions to such trust. The contributed funds are used to purchase life insurance contracts or annuities for the plan. The employer claims tax deductions for contributions that are used by the plan to pay premiums on the insurance contracts covering an employee. The plan may hold the contract until the employee dies, or it may distribute or sell the contract to the employee at a specific point, such as when the employee retires.
[3] In 2006, the Code was amended by the Pension Protection Act which eliminated § 412(i). Pub.L. No. 190-280, § 111, 120 Stat. 780 (2006). The new section of the Code which authorizes such plans is § 412(e)(3). The term "412(i) plan" is used herein for convenience.
[4] Although Deck and Deck, Inc. have moved for judgment on the pleadings under Rule 12(c), they have joined with the reasoning set forth by Pacific Life in support of its 12(b)(6) motion to dismiss.
[5] Innovative has not joined in the motions presently before the Court. Accordingly, the Court will not address Count VIII alleging breach of contract against Innovative.
[6] Revenue Ruling 2004-20 modified and superseded Revenue Ruling 55-748, which held that contributions in excess of the incidental benefit amounts would not be fully deductible when contributed, but may be deductible in later years under certain conditions and limitations. Rev. Rul. 55-748, 1955-2 C.B. 234,1955 WL 10066 (IRS RRU 1955)
[7] Plaintiff's conspiracy claim was grounded in fraud and therefore must also comply with the requirements of Rule 9(b).Guilbeault, 84 F.Supp.2d at 281. However, given that the claim is dismissed for the foregoing reasons, the Court will not address the particularity of this claim.
[8] In Count VII of the Complaint entitled "Rescission of Pacific Life Insurance Policies" Plaintiff requests that this Court rescind the life insurance policies that he purchased from Pacific Life and require any and all premiums paid to Pacific Life be returned to Plaintiff. The Court has dismissed all claims asserted against Pacific Life and therefore has no basis to grant the rescission of such contracts.