**Richard ERAMO et al.**

v.

**CONDOCO and Countryside Condominium Association.**

**No. 94-119-Appeal.**

Supreme Court of Rhode Island.

March 31, 1995.

Ellen Biener, David Moretti, Cranston.

Andrew Prescott, Providence.

### ORDER

This matter came before a panel of the Supreme Court on March 21, 1995, pursuant to an order directing the plaintiffs to appear and show cause why the issues raised in this appeal should not be summarily decided. In this case the plaintiffs had filed an appeal from a Superior Court order granting the motion of the defendant, Countryside Condominium Association, for summary judgment.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown. The issues raised in this appeal will be decided at this time.

In this action plaintiffs filed a complaint in Superior Court in which they alleged that defendants erected privacy screens, five feet two inch portion of which extends into plaintiffs' area adjacent to their condominium unit. The plaintiffs sought damages, interest, costs and attorneys' fees. The defendant, Countryside Condominium Association, filed a motion for summary judgment. At the hearing counsel for defendant argued that plaintiffs purchased a condominium in a private transaction from the prior owners. At the time of the purchase, the wooden privacy screens, which had been erected by the developer, Condoco, were in their current location. The screens were in place when the condominium association received title to the exterior of the buildings and the general areas from the condominium developer.

As a condominium owner plaintiffs were entitled to general and limited common elements. Limited common elements are areas located appurtenant to individual condominium units. Such elements include the concrete backyard or patio areas next to each unit. The privacy screens separate each unit's patio from its neighbors; they are wooden structures that extend perpendicularly from the building. The plaintiffs alleged that the privacy screen in question extended each unit's limited common area farther into the general common area than was originally planned. This diminution of their common area forms a basis for plaintiffs complaint.

In ruling on a motion for summary judgment it is the duty of the trial justice to determine whether there exists any material issues of fact to be resolved. In the absence of material issues of fact there remains only a question of law for the trial justice to decide.

Our review of the record persuades us that there were no issues of material fact and there remained only a question of law, whether the Condominium Association owed any duty to the plaintiffs to relocate the screens. We are satisfied that no such duty existed and the defendant association was entitled to summary judgment as a matter of law.

The screens were in place at the time plaintiffs purchased and long before and, the location of the screens do not constitute any dispossession of plaintiffs rights or entitlement. It was clear that plaintiffs had every opportunity to examine the location of their screen before they purchased. The doctrine of Caveat Emptor is still very much applied to sales of real estate. *Wilson Auto Enterprises, Inc. v. Mobil Oil Corporation,* 778 F.Supp. 101, 101–105 (D.R.I.1991).

For these reasons the plaintiffs' appeals are denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.

WEISBERGER, C.J., did not participate.