**J.R.P. ASSOCIATES, a Rhode Island Partnership**

v.

**BESS EATON DONUT FLOUR COMPANY, INC.**

No. 95–272–Appeal.

Supreme Court of Rhode Island.

Nov. 27, 1996.

Melissa M. Horne, Providence.

Allen P. Rubine, Providence.

## ORDER

This case came before a panel of the Supreme Court for oral argument on November 19, 1996, pursuant to an order that directed the plaintiff, J.R.P. Associates, a Rhode Island Partnership, and the defendant, Bess Eaton Donut Flour Company, Inc., to show cause why this appeal should not be summarily decided. The plaintiff has appealed the Superior Court's granting of the defendant's motion for summary judgment.

After hearing the arguments of counsel and reviewing the memoranda filed by counsel for the parties, this Court concludes that cause has not been shown, and the case will be decided at this time.

The plaintiff, who was the lessor, and defendant, who was the lessee, had signed a lease agreement that expired on December 31, 1991. Subsequent to that date, defendant continued to occupy plaintiff's premises without exercising an option to renew the lease. Instead, defendant thereafter reduced its rental payments to plaintiff from $1,666.00 per month to $833.33 per month, and plaintiff accepted the reduced amounts. On December 31, 1993, after two years of what the parties agree was a month-to-month tenancy, defendant vacated the premises.

In January 1994, plaintiff filed a complaint against defendant seeking $20,353.76 in unpaid rents, sewer charges and water charges for the period of January 1, 1992, through December 31, 1993. The plaintiff moved for summary judgment, arguing that the lease clearly and unambiguously required defendant to continue paying the full monthly rent of $1,666.00 during the month-to-month tenancy. In particular, plaintiff cited a provision of the contract that stated:

"Should the Tenant continue to occupy the premises after the expiration of the term hereof, or of any renewal or extension thereof, the Tenant shall, in the absence of a written agreement between the parties to the contrary, be deemed a tenant from month-to-month upon all the terms and conditions of this Lease which are not inconsistent with such tenancy."

The plaintiff also pointed out that the contract specifically provided that plaintiff, by accepting a reduced rent, would not waive the right to collect the balance due.

The defendant also moved for summary judgment and argued that the lease expired on December 31, 1991, but was thereafter modified by the parties. In deposition testimony, defendant's president testified that plaintiff orally agreed to extend the lease at the reduced rent of $833.33 per month to accommodate defendant's decreased profits. On September 29, 1992, nine months after the original lease expired, defendant mailed a letter to plaintiff offering to renew the lease for an additional year starting January 1, 1993, at "the current rent of $833.33 per month." In deposition testimony, plaintiff's general partner admitted that he received the letter but testified that he responded neither orally nor in writing to the letter. The general partner testified that when defendant called him about the letter, he told defendant he was "not interested in him—him running my property or telling me what to charge." The defendant pointed out that plaintiff accepted the reduced rental payments without protest until November 30, 1993, when it sent a demand letter.

The trial justice denied plaintiff's motion for summary judgment and granted defendant's motion. In reviewing a grant of summary judgment, this Court applies the same analysis as that applied by the trial justice. Only when a review of the evidence in the light most favorable to the nonmoving party reveals no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law, will this Court uphold the trial justice's order granting summary judgment. *Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1225 (R.I. 1996).

In this case, we conclude that a genuine issue of material fact existed and that summary judgment was therefore improperly granted. Although a written contract may be modified by subsequent oral agreement, *Menard & Co. Masonry v. Marshall Bldg.*, 539 A.2d 523, 526 (R.I.1988), the parties before us disputed whether they intended to modify the lease. In particular, the lease provided that its terms would continue in the event of a holdover "in the absence of a

written agreement between the parties to the contrary." The parties, however, disputed whether plaintiff waived its rights under this provision and whether defendant's intent that a month-to-month tenancy at a reduced rent controlled. The trial justice here made a factual determination that plaintiff's acceptance of the reduced rent was unconditional. "When the pleadings, discovery materials and affidavits indicate a dispute as to intent, then a genuine issue of material fact exists, which cannot be resolved upon a motion for summary judgment." *Lennon v. MacGregor*, 423 A.2d 820, 822 (R.I.1980).

Consequently, we sustain the plaintiff's appeal, reverse the judgment appealed from, and remand the case to the Superior Court for trial.

WEISBERGER, C.J., did not participate.