DECISION
This matter comes before the Court on defendants, Miriam Scott and Miriam Scott Limited (Ms. Scott), motion for summary judgment. The Court has jurisdiction pursuant to Rule 56 of the Superior Court Rules of Civil Procedure.
 Facts/Travel
The present case comes before this Court on remand from the Supreme Court of Rhode Island after its February 7, 2001 decision affirming in part and reversing in part the trial court's decision on the defendants' motion for summary judgment. See Stebbins v. Wells, 766 A.2d 369 (R.I. 2001). Specifically, the Supreme Court remanded this case only as to plaintiff/buyer's count concerning an alleged violation of G.L. 1956 chapter 20.8, title 5, which is entitled Real Estate Sales Disclosures (the disclosure statute). This Court was instructed to determine whether certain erosion was indeed a deficient condition pursuant to the above statute, and if so, disclosure of that condition would be required by those falling within the statute's ambit of duty. Based on the Supreme Court's limited remand defendant Ms. Scott has moved for summary judgment on the issue of whether a "buyer's broker" can be held liable for a failure to disclose under G.L. § 5-20.8.
The facts relevant to the instant motion are as follows. The plaintiff was interested in purchasing a home in Little Compton, Rhode Island. Consequently, plaintiff engaged Ms. Scott as his "buyer's broker" and in June 1994 purchased property on Indian Hill Road. Shortly after obtaining possession, the plaintiff learned that the property was predisposed to water erosion and that, apparently, it had substantially eroded over the previous ten years. The plaintiff alleges that his buyer's broker, Ms. Scott, violated § 5-20-8, the disclosure statute, by failing to disclose a known deficient condition or defect, namely, the erosion.
 Standard of Review
"Summary judgment is a drastic remedy to be granted sparingly." Superior Boiler Works, Inc. v. R.J. Sanders, Inc., 711 A.2d 628, 631 (R.I. 1998). When a trial justice is ruling on a motion for summary judgment, the only question before him or her is whether there is a genuine issue of material fact that must be resolved. Rotelli v. Catanzaro, 686 A.2d 91, 93 (R.I. 1996). Therefore, summary judgment should be granted "only if an examination of the admissible evidence, undertaken in the light most favorable to the nonmoving party, reveals no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law." Kiley v. Patterson, 763 A.2d 583, 585 (R.I. 2000) (quoting J.R.P. Associates v. Bess Eaton Donut Flour Co., 685 A.2d 285, 286 (R.I. 1996)). The party opposing the motion has an affirmative duty to specifically set forth all facts demonstrating a genuine issue of material facts. Sisters of Mercy of Providence v. Wilkie, 668 A.2d 650, 652 (R.I. 1996) (citation omitted).
 Statutory Construction
Whether or not a buyer's broker (Ms. Scott) has an affirmative duty to disclose deficient conditions under the disclosure statute § 5-20.8, is purely a matter of statutory interpretation. Furthermore, it is well settled that the issue of whether a duty exists is a matter of law for the Court to decide. Hennessey v. Pine, 694 A.2d 691, 697 (R.I. 1997). The task of this Court in construing a statute is to "establish and effectuate the intent of the Legislature." Wayne Distribution Co. v. Rhode Island Commission For Human Rights, 673 A.2d 457, 460 (R.I. 1996) (quoting Rhode Island State Labor Relations Board v. Valley Falls Fire District, 505 A.2d 1170, 1171 (R.I. 1986)). The intent of the legislature is determined "by examining the language, the nature, and the object of the statute while giving its words their plain and ordinary meaning." C 
J Jewelry Co., Inc. v. Department of Employment and Training Board of Review, 702 A.2d 384, 385 (R.I. 1997). "It is well settled that when the language of a statute is plain and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." Providence Worcester R. Co. v. Pine,729 A.2d 202, 208 (R.I. 1999) (quoting Accent Store Design, Inc. v. Marathon House, Inc., 674 A.2d 1223, 1226 (R.I. 1996)). If the statutory provisions are unclear and ambiguous, this Court must examine the statutes in their entirety in order to "glean the intent and purpose of the Legislature." Id. (citations omitted). "In so doing, [this Court must] consider the entire statute as a whole; individual sections must be considered in the context of the entire statutory scheme, not as if each section were independent of all other sections." Sorenson v. Colibri Corp., 650 A.2d 125, 128 (R.I. 1994). Moreover, when the task requires the interpretation of different statutory provisions in pari materia,[1]
the goal is to construe the laws "such that they will harmonize with each other and be consistent with their general objective scope." In Re Doe,717 A.2d 1129, 1132 (R.I. 1998) (quoting Blanchette v. Stone, 591 A.2d 785, 786 (R.I. 1991)). Similarly, when "two apparently inconsistent provisions are contained in a statute, every effort should be made to construe and apply the provisions as consistent." Matter of Falstaff Brewing Corp. Re: Naragansett Brewery Fire, 637 A.2d 1047, 1051 (R.I. 1994).
 The Duty of Disclosure
In deciding whether § 5-20.8 brings buyer's brokers within its ambit of disclosure duty, Ms. Scott argues that § 5-20.8-2(a) strictly limits the applicability of the disclosure statute to sellers. It provides that:
 "As soon as practicable, but in any event, no later than prior to signing any agreement to transfer real estate, the seller of the real estate shall deliver a written disclosure to buyer and each agent with whom seller knows he or she or buyer has dealt in connection with the real estate." § 5-20.8-2(a) (emphasis added).
Under the plain language of this provision, it is only sellers that are affirmatively required to issue the written disclosure. Indeed, the buyer's agent is listed as an entity to whom the written disclosure is delivered.[2] By negative implication, if the Legislature intended buyers' agents to receive the written disclosure, it is unlikely that they were also intended to send it. In addition, the Act further provides "the agent is not liable for the accuracy or thoroughness of representations made by seller in the written disclosure or for deficient conditions not disclosed to the agent by the seller." § 5-20.8-2(b). This language explicitly states that the agent is not liable for the sellers failures. While it does not explicitly address the effect of an agent's failure to disclose, this absence indicates by omission that agents are not required to disclose under the statute.
In deciding whether § 5-20.8 brings the buyer's broker within its ambit of disclosure duty, there is another pertinent section which must be considered. Indeed, the aforementioned argument becomes somewhat nebulous when the reader takes into account § 5-20.8-9. That section provides as follows:
 "Neither the seller nor agent is liable for any error, inaccuracy or omission of any information delivered pursuant to this chapter if the error, inaccuracy, or omission was not within the personal knowledge of the seller or agent, was based on information timely provided pursuant to §§ 5-20.8-7
and 5-20.8-8 and ordinary care was exercised in obtaining and transmitting it." R.I.G.L. § 5-20.8-9.
This particular provision in the statute seems to ambiguously imply that there may be a duty to disclose on the part of the agent. More specifically, this section is setting forth a circumstance in which an agent would not be liable for failing to disclose information. It logically follows that if an agent can be immunized from liability under this section, there must be a corresponding basis for liability elsewhere in the statute. However, when examining § 5-20.8-9 in conjunction with § 5-20.8-2(a) and § 5-20.8-2(b), it becomes clear that the former is merely a recitation of the saving provision in the latter, which immunizes agents from liability for faulty representations made by seller. Indeed, a corresponding basis for agent liability to the seller cannot be found in R.I.G.L. chapter 20.8. Rather, Chapter 20.6 deals forthrightly with the agent's duty of disclosure. R.I.G.L § 5-20.6-2(b) states, "As agent, the real estate broker and salesperson are obligated to perform the duties of agency, as to whether the agent represents the seller or the buyer. The specific duties of the agent are as set forth in § 5-20.6-6." § 5-20.6-2(b). Following the language to §5-20.6-6, it states in pertinent part, "According to the law of agency, obligation of buyer's agents include but are not limited to the following; TO THE BUYER: (1) Owe the buyer a fiduciary duty of utmost care, integrity, honesty, loyalty, disclosure and confidentiality; and (2) Represent the best interests of the buyer." § 5-20.6(c)(1) and (2). Hence, it is this chapter and not chapter 20.8, which affirmatively obligates the buyer's agent to disclose information to the buyer.
This interpretation is apparent in light of the fact that §5-20.8-2(a) affirmatively sets forth a duty on the part of the seller alone. Surely this affirmative provision should be construed as more specific than the general provisions of § 5-20.8-9, which seek to negatively qualify the scope of the statute. Indeed, one rule of construction is that "general terms be construed as limited by more specific terms." Montaquila v. St. Cyr, 433 A.2d 206, 214 (R.I. 1981). Therefore, the specific and affirmative mandate of § 5-20.8-2, which occurs early within the text of the statute, should not be rendered superfluous by the general qualifying language in § 5-20.8-9.
Furthermore, this Court finds that if the Legislature intended agents of any kind to be included within the breadth of duty under the statute, the drafters would have simply inserted the word "agent" within the text of § 5-20.8-2(a), which sets forth the affirmative duty on the part of sellers only. An express enumeration of items in a statute indicates a legislative intent to exclude all items not listed. Terrano v. State of Rhode Island Department of Corrections, 573 A.2d 1181, 1183 (R.I. 1990) (citing Murphy v. Murphy, 471 A.2d 619, 622 (R.I. 1994)). This omission becomes all the more relevant when considering the contemplation of the term "agent" and its meaning by the Legislature, as evidenced by §5-20.8-1(1). That section defined the term as including a buyer's agent. The fact that the drafters defined and subsequently omitted the word from the precise section of the statute setting forth who owes the affirmative duty of disclosure, creates no reasonable inference other than that of an intentional omission. In examining such an unambiguous statute, "there is no room for statutory construction"; it must be applied as written. In re Denisewich, 643 A.2d 1194, 1197 (R.I. 1994).
The fact that § 5-20.8-2(a) fails to provide for an agent's duty is an omission that cannot be ignored or lightly brushed aside. While §5-20.8-9 may negatively imply a duty on the part of agents, its intention was not to do so. Thus it has been said "where a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant to show that a different intention existed". Western States Newspapers, Inc. V. Gehringer, 203 Cal.App.2d 793, 22 Cal.Rptr. 144 (4th Dist. 1962). See also Norman J. Singer, Statutes and Statutory Construction (2000).
In addition, there is a lack of evidence that the term "seller" is somehow synonymous with the term "agent", or more specifically, the term "buyer's agent." Relevant to this determination is the principle of noscitur a sociis,[3] that the meaning of one word can become clear by reference to other words associated with it in the statute . . ." Berthiaume v. School Commision of Woonsocket, 397 A.2d 889, 893 (R.I. 1979). In the present case, when the reader references the word "agent" with the word "seller" in § 5-20.8-1 ("Definitions"), he or she gleans that the two words are separately defined. Consequently, to equate the meanings of the two terms would render the inclusion of separate definitions for these terms mere surplusage within the statute. Such a result would contradict the statutory tenet that words within a statute each have an independent meaning. See Brennan v. Kirby, 529 A.2d 633, 637 (R.I. 1987) (holding that "[a] statute or enactment may not be construed in a way . . . if at all possible, to render sentences, clauses, or words surplusage"). Only sellers are required to disclose and an agent is not a seller.
Finally, it is vital to note that this decision does not preclude lawsuits against buyer's agents or other types of agents for withholding information from the buyer. In Stebbins v. Wells, 766 A.2d 369 (R.I. 2001), the Court noted:
 "Although "the doctrine of Caveat Emptor is still very much applied to sales of real estate," Eramo v. Condoco, 655 A.2d 697, 697 (R.I. 1995), exceptions to the caveat emptor doctrine have developed based on equitable principles." Boston Investment Property # 1 State v. E.W. Burman, Inc., 658 A.2d 515, 517 (R.I. 1995). One of those exceptions involves "passive concealment by the seller of defective realty." Wiederhold v. Smith, 203 Ga. App. 877, 418 S.E.2d 141, 143 (1992). Such exception "places upon the seller or agent a duty to disclose in situations where he or she has special knowledge not apparent to the buyer and is aware that the buyer is acting under a misapprehension as to facts which would be important to the buyer and would probably affect its decision." Hoffman v. Fletcher, 244 Ga. App. 506, 535 S.E.2d 849, 851 (2000)." Id. at 373 (emphasis added).
In addition, § 5-20.6-1 et seq. deals extensively with the disclosure duties of agents. In particular, § 5-20.6-6 sets forth the form of the disclosure writing that agents are required to provide and §5-20.6-7 promulgates the substance of what an agent is statutorily required to disclose.
 Conclusion
This Court concludes as a matter of law that the defendant, Ms. Scott, a buyer's agent and buyer's broker, cannot be held liable for failing to disclose pursuant to R.I.G.L. § 5-20.8-1 et seq. Therefore, the defendants' motion for summary judgment is granted and final judgment as to defendants
Miriam Scott and Miriam Scott Limited is hereby entered pursuant to Super. R. Civ. P. 54(b). The parties shall prepare the appropriate order after notice. Miriam Scott and Miriam Scott Limited is hereby entered pursuant to Super. R. Civ. P. 54(b). The parties shall prepare the appropriate order after notice.
[1] Statutes are considered to be in pari materia when they relate to the same person or thing, to the same class of persons or things, or have the same purpose or object. Such acts should generally be construed together in a harmonious manner. Norman J. Singer, Statutes and Statutory Construction (2000).
[2] § 5-20.8-1(1) defines "agent" to mean "any individual or entity acting on behalf of a seller or buyer to effect the transfer of real estate. It includes listing agent, selling agent, buyer's agent and their respective brokers. (emphasis added). Ms. Scott was a "buyer's broker" as opined by the Supreme Court of Rhode Island. Stebbins v. Wells,766 A.2d 369, 370 (R.I. 2001). Therefore, it is evident that Ms. Scott, as buyer's broker, falls within the definition of "agent" vis a vis the disclosure statute.
[3] Whereas ejusdem generis tells us how to find items outside the list expressed in the statute, noscitur a sociis tells us how the list gives meaning to the items within it. Michael Sinclair, A Guide to Statutory Interpretation (2000).