DECISION
This matter comes before the Court on defendants', Deborah L. Kubik and Country Coastal Properties (Kubik), motion for summary judgment. The Court has jurisdiction pursuant to Rule 56 of the Superior Court Rules of Civil Procedure.
 Facts/Travel
The present case comes before this Court on remand from the Supreme Court of Rhode Island after its February 7, 2001 decision affirming in part and reversing in part the trial court's decision on the defendants' motion for summary judgment. See Stebbins v. Wells, 766 A.2d 369 (R.I. 2001).
Specifically, the Supreme Court remanded this case only as to plaintiff/buyer's count concerning an alleged violation of G.L. 1956 chapter 20.8, title 5, which is entitled Real Estate Sales Disclosures (the disclosure statute). This Court was instructed to determine whether certain erosion was indeed a deficient condition pursuant to the above statute, and if so, disclosure of that condition would be required by those falling within the statute's ambit of duty. Based on the Supreme Court's limited remand, defendant Kubik has moved for summary judgment on the issue of whether a "sales agent" can be held liable for a failure to disclose under G.L. § 5-20.8.
The facts relevant to the instant motion are as follows. The plaintiff was interested in purchasing a home in Little Compton, Rhode Island. Consequently, plaintiff engaged Ms. Scott as his "buyer's broker" and in June 1994 purchased property on Indian Hill Road. Kubik was the "sales agent" for Ms. Wells, the seller of the property. Shortly after obtaining possession, the plaintiff learned that the property was predisposed to water erosion and that, apparently, it had substantially eroded over the previous ten years. The plaintiff alleges that Ms. Wells's sales agent, Kubik, violated § 5-20-8, the disclosure statute, by failing to disclose a known deficient condition or defect, namely, the erosion.
Standard of Review "Summary judgment is a drastic remedy to be granted sparingly." Superior Boiler Works, Inc. v. R.J. Sanders, Inc., 711 A.2d 628, 631 (R.I. 1998). When a trial justice is ruling on a motion for summary judgment, the only question before him or her is whether there is a genuine issue of material fact that must be resolved. Rotelli v. Catanzaro, 686 A.2d 91, 93 (R.I. 1996). Therefore, summary judgment should be granted "only if an examination of the admissible evidence, undertaken in the light most favorable to the nonmoving party, reveals no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law." Kiley v. Patterson, 763 A.2d 583, 585 (R.I. 2000) (quoting J.R.P. Associates v. Bess Eaton Donut Flour Co., 685 A.2d 285, 286 (R.I. 1996)). The party opposing the motion has an affirmative duty to specifically set forth all facts demonstrating a genuine issue of material facts. Sisters of Mercy of Providence v. Wilkie, 668 A.2d 650, 652 (R.I. 1996) (citation omitted).
The Duty of Disclosure Whether or not a sales agent (Kubik) has an affirmative duty to disclose deficient conditions under the disclosure statute § 5-20.8, is purely a matter of statutory interpretation. Furthermore, it is well settled that the issue of whether a duty exists is a matter of law for the Court to decide. Hennessey v. Pine,694 A.2d 691, 697 (R.I. 1997). Section 5-20.8-1(1) defines "agent" to mean "any individual or entity acting on behalf of a seller or buyer to effect the transfer of real estate. It includes listing agent, selling agent, buyer's agent and their respective brokers." (Emphasis added.) Kubik was a "sales agent" as found by the Supreme Court of Rhode Island. Stebbins v. Wells, 766 A.2d 369, 370 n. 2 (R.I. 2001). Therefore, it is evident that Kubik, as sales/selling agent, falls within the definition of "agent" vis a vis the disclosure statute. Consequently, this Court's analysis in Theodore E. Stebbins, Jr. v. Melinda Blauvelt Wells, et al., C.A. 95-0324, October 12, 2001, Pfeiffer, J., is controlling in the case at bar.
In Theodore Stebbins, this Court held that a buyer's agent did not fall within the disclosure statute's ambit of duty as a matter of law. Id. The analysis was based upon certain tenets of statutory construction, which when applied, led to the conclusion that "[o]nly sellers are required to disclose and an agent is not a seller." Id. Furthermore, this Court recognized that § 5-20.6 deals forthrightly with the agent's duty of disclosure. G.L. § 5-20.6-2(b) states, "As agent, the real estate broker and salesperson are obligated to perform the duties of agency, as to whether the agent represents the seller or the buyer.
The specific duties of the agent are as set forth in § 5-20.6-6." Following the language to § 5-20.6-6, it states in pertinent part, "LISTING AGENT (b) A listing agent is a real estate salesperson or broker who becomes an agent of the seller and works on behalf of and represents the best interests of sellers, while treating buyers honestly and fairly." In addition, § 5-20.6-4, entitled "Disclosure-Provision to buyer," provides in pertinent part, "Selling agents shall provide the buyer in a real estate transaction with a copy of the disclosure form set forth in § 5-20.6-6. . . ." These provisions, which squarely address the disclosure duties of a sales agent, provide the proper recourse for an allegedly aggrieved buyer of real estate.
While the aforementioned statutory sections serve to provide a basis for agent liability, the Rhode Island Supreme Court has also noted situations where agents could be held liable for a failure to disclose defective realty. See Stebbins v. Wells, 766 A.2d 369, 373 (R.I. 2001) (noting that exceptions to the doctrine of Caveat Emptor exist when the seller or agent fails to "disclose in situations where he or she has special knowledge not apparent to the buyer and is aware that the buyer is acting under a misapprehension as to facts which would be important to buyer and would probably affect its decision"). Therefore, today's decision does not preclude the possibility of lawsuits against a sales agent for allegedly failing to disclose defective realty.
Conclusion This Court concludes as a matter of law that the defendant, Kubik, a sales agent and selling agent, cannot be held liable for failing to disclose pursuant to the subject statute, G.L. § 5-20.8-1 et seq.
Therefore, the defendant's motion for summary judgement is granted, and final judgement as to defendants Ms. Kubik and Coastal Properties is hereby entered pursuant to Super. R. Civ. P. 54(b).
The parties shall prepare the appropriate order after notice.