DECISION
Before this Court are Plaintiffs' motion for partial summary judgment and Defendant's cross-motion for summary judgment, both pursuant to Superior Court Rule of Civil Procedure 56. This Court heard oral arguments on the motions on March 3, 2008.
 I Facts
The twenty-nine Plaintiffs and one Defendant are homeowners at Sea Meadow Farms, a *Page 2 
residential subdivision in Portsmouth, Rhode Island.[1] The subdivision is subject to a comprehensive Declaration of Restrictions ("Declaration") that was recorded in the Portsmouth Land Evidence Records on May 12, 1972. The Declaration provides that the covenants and restrictions therein remain in force for twenty-five years, thereafter they will be "automatically extended for successive periods of ten years each, unless by a vote of the owners of a majority of lots the vote is taken, it is agreed to change or terminate said covenants and restrictions in whole or in part." (Pl.s' Ex. A.) Although the first twenty-five-year period ended in 1997, and the first ten-year period ended in 2007, no vote has ever been taken to abolish or amend the said restrictions.
The Declaration also provides that some or all of the lot owners in the subdivision may bring an action in law or equity to enforce the restrictions against a violator. Pursuant to that section, the Plaintiffs filed this action seeking declaratory and injunctive relief against the Defendant whom, they argue, is in violation of a certain restriction which provides: "The use of asphalt mineral-surfaced shingles shall not be allowed." Id.
In his answer to the Plaintiffs' complaint, Defendant asserted that the restrictive covenants, being more than thirty years old, are no longer enforceable pursuant to a provision of the Rhode Island General Laws, later identified as § 34-4-21. However, Plaintiffs move for partial summary judgment against this defense, arguing that this provision does not apply, or, if it does so apply, that another statutory provision, § 34-11-41, reimposes the restrictive covenants. The Defendant cross-moves for summary judgment based on his assertion that § 34-11-41 is inapplicable to the instant dispute, and that the restrictive covenants are void pursuant to § 34-4-21. *Page 3 
 II Standard of Review
A party is entitled to summary judgment when an examination of the "pleadings, affidavits, admissions, answers to interrogatories" and other materials, viewed in a light most favorable to the non-moving party, reveals no "genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Stebbins v.Wells, 766 A.2d 369, 372 (R.I. 2001). "The function of the motion justice considering a proposed summary-judgment motion is not to cull out the weak cases from the herd of lawsuits waiting to be tried. Rather, only if the case is legally dead on arrival should the court take the drastic step of administering last rites by granting summary judgment." Mitchell v. Mitchell, 756 A.2d 179, 185 (R.I. 2000).
 III Analysis
The Defendant bases his argument that the restrictive covenants are no longer enforceable on § 34-4-21, "Limitation of restrictive covenants," which provides, in pertinent part, as follows:
 If a covenant or restriction concerning the use of land . . . is created by any instrument taking effect after May 11, 1953, the covenant or restriction, if unlimited in time in the instrument, shall cease to be valid and operative thirty (30) years after the execution of the instrument creating it.
The parties do not dispute the meaning of § 34-4-21; rather, the disagreement lies in its application. Consequently, the applicability of § 34-4-21 depends on the resolution of two issues. The first is undisputed. As noted, the subject restrictive covenants were recorded on May 12, 1972, making their effective date after May 11, 1953. It is the second issue, whether the restrictive covenants are "unlimited in time in the instrument," that the parties dispute.
The question of whether the restrictive covenants are "unlimited in time in the instrument" depends on the following language of the Declaration: *Page 4 
 [T]hese declared limitations, restrictions, and uses . . . shall be binding on us and all persons claiming under us and be for the benefit of and limitation on all future owners of lots of land as shown on said plat for a period of twenty five years. . . .
 . . . .
 Said covenants and restrictions shall, at the expiration of said period ending on the 25th anniversary of the enactment of this declaration, be automatically extended for successive periods of ten years each, unless by a vote of the owners of a majority of the lots when the vote is taken, it is agreed to change or terminate said covenants and restrictions in whole or in part.
Defendant contends that because no affirmative act by the lot owners is required to renew the restrictive covenants, they are "unlimited in time in the instrument." Thus, pursuant to § 34-4-21, such restrictions cease to be valid after thirty years, in this case on May 12, 2002.
Although this Court resolves any ambiguity in a restrictive covenant in favor of unrestricted use, Ridgewood Homeowners Association v.Mignacca, 813 A.2d 965, 971 (R.I. 2003), the parties have not disputed the ambiguity of the subject covenant. This Court, too, finds the restrictive covenant to be unambiguous. It is therefore to be given its "plain and ordinary meaning." Id.
This Court finds that, by its plain and ordinary meaning, the instrument at issue is not "unlimited in time." Rather than remaining silent on its duration or declaring its enforceability infinite, the instrument specifies a fixed time period by which a majority of lot owners may amend or abolish any restriction. If, at the appropriate time, a majority does not vote to alter the restrictions, they are presumed to have ratified the restrictions for another ten years. By the plain and ordinary meaning of the instrument, the restrictive covenants are not "unlimited in time."
Because the subject restrictions are not "unlimited in time in the instrument," § 34-4-21 is inapplicable to the instant dispute. As such, the restrictions remain enforceable. The issue of whether § 34-11-41
reimposes an otherwise expired covenant is therefore unnecessary for further *Page 5 
resolution of the parties' motions.
Plaintiffs' motion for partial summary judgment is therefore granted, and Defendant's cross-motion for summary judgment is denied. Counsel shall present an order in conformance with this decision.
[1] Defendant acquired his property by deed, dated March 26, 1993, from his mother. His deed states that it is "[s]ubject to the restrictions and easements of record." (Pl.s' Ex. C.)